

U.S. Department of Justice

*United States Attorney
District of Massachusetts*

---

*Main Reception: (617) 748-3100*                *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

May 31, 2005

Thomas J. Iovieno, Esq.
655 Summer Street
Boston, MA 02210

    Re:  United States v. Stephen A. Twombly
          <u>Criminal No. 05-10103-GAO</u>

Dear Mr. Iovieno:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16 (a)(1)(A) and (B)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements of the defendant Stephen Twombly in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    <u>Recorded Statements</u>

    There are no relevant recorded statements of the defendant Stephen Twombly in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

    The defendant Stephen Twombly did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

The government is unaware of any prior criminal record of the defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

The following search warrants were executed: 94 Signal Hill Drive, Dennis, Massachusetts on June 26, 2002; Safe Deposit Box #370, Cape Cod Five Cents Savings Bank, 532 Main Street, Harwichport, MA on June 27, 2002; Safe Deposit Box #458, Fleet Bank, 125 Main Street, Yarmouthport, MA on June 27, 2002; Safe Deposit Box #680, Fleet Bank, Rte 6A, East Dennis, MA on July 11, 2002. Copies of the search warrants, affidavits, and returns are enclosed.

During the execution of the search warrant at 94 Signal Hill Drive, Dennis, MA, the defendant Edward Varjabedian consented to inspection of the trunks of vehicles located in the garage of that premises. Nothing was seized or inventoried as a result of that consensual inspection.

C.  Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in a separate letter, dated May 31, 2005, to defense counsel. This letter, naming known unindicted coconspirators, is produced separately and is not filed with the court for the express purpose of providing the defendant with the discoverable information without making it a part of the public record of the case.

F.  Identifications under Local Rule 116.1(C)(1)(f)

The defendant Stephen Twombly was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant Stephen Twombly.

G.  Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

H.  Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject

3

to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

 The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

 Please call the undersigned Assistant U.S. Attorney at 617-748-3161 if you have any questions.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

      By: /s/ Lori J. Holik
        Lori J. Holik
        Assistant U.S. Attorney

enclosures

cc: Noreen Russo
   Clerk to the Honorable Robert B. Collings
   (w/o enclosures)