```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )    Criminal No. 05-10103-GAO
                              )
     v.                       )
                              )
EDWARD VARJABEDIAN (1),       )
DIANA VARJABEDIAN (2),        )
STEPHEN TWOMBLY (3),          )
WILLIAM MACKER (4),           )
THOMAS STILLSON (5),          )
                              )
     Defendants.              )
```

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO (1) DEFENDANT STEPHEN A. TWOMBLY'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION AND (2) DEFENDANT THOMAS STILLSON'S MOTION TO "JOIN AND ADOPT"

Defendant Stephen A. Twombly seeks extraordinary relief - dismissal of an indictment or, in the alternative, an evidentiary hearing on the issue of the government's exercise of its prosecutorial discretion - because he claims that he is a victim of that particular brand of prosecutorial misconduct known as selective prosecution.  Specifically, Defendant Twombly claims that he was impermissibly selected for prosecution as a punishment for what he describes as the exercise of his Fifth Amendment rights.  Defendant Thomas Stillson seeks the same extraordinary relief, based exclusively upon Defendant Twombly's submission.  The requested relief should be denied.

<u>Selective Prosecution, Generally</u>

It is of course well established that the government has broad discretion in its charging decisions, and further that the courts presume that the choice is exercised in good faith for

reasons of sound governmental policy.  <u>Tracey v. United States</u>, 739 F.2d 679 (1st Cir. 1984); <u>United States v. Lichtenstein</u>, 610 F.2d 1272, 1281 & N.4 (5th Cir.), <u>cert</u>. <u>denied</u> 447 U.S. 907 (1980); <u>United States v. Union Nacional de Trabajadores</u>, 576 F.2d 388 (1st Cir. 1978).  It naturally follows that challenges to that broad discretion must be of significant magnitude in order to overcome the presumptions; the defendant bears a heavy burden.  In fact, no burden shifts onto the government to defend its charging decisions unless and until the defendant establishes, prima facie:

> (1) that, while others similarly situated have not generally been proceeded against because of the conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and
>
> (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

<u>United States v. Union Nacional de Trabajadores</u>, 576 F.2d at 395, quoting <u>United States v. Berrios</u>, 501 F.2d 1207, 1211 (2d Cir. 1974).  The challenge of Defendant Twombly, as adopted by Defendant Stillson, fails on both points.

    1.  The nature of the charges

The indictment charges five defendants with, among other things, conspiring to defraud the Internal Revenue Service by means of impeding its lawful function of ascertaining and collecting revenue, all as related to the business of West

Harwich Sunoco.  Defendants Twombly and Stillson, plus a third named defendant, William Macker, were all employees of West Harwich Sunoco.  Specifically, with respect to conspiracy charge (a so-called Klein conspiracy), the indictment charges that the defendants combined, with others known and unknown, to evade the payment of income taxes by means of "skimming" and hiding cash and cash equivalents generated by the business of West Harwich Sunoco, and further to evade the payment of federal employment taxes by means of understating the wages paid to employees of West Harwich Sunoco.  Indictment, ¶3.[1]

Every indictment that charges a conspiracy and includes that common language - "and others known and unknown" - signals that some prosecutorial discretion has been exercised for the purpose of the instant indictment.  And so it must be, particularly where the charged conduct involves large numbers of individuals with varying roles and degrees of culpability as perceived by the government upon evaluation of the available evidence discovered during the investigation.

The Challenge of Defendant Twombly

Defendant Twombly argues that the showing that he must make to obtain discovery is a lesser burden than that required for actual dismissal.  While that is true, his burden is nonetheless

---

[1] The indictment also charges Defendants Twombly and Stillson with tax evasion as a result of their respective false reports of income to the Internal Revenue Service.

daunting:

> Because a selective prosecution claim "asks a court to exercise judicial power over a 'special province' of the Executive," <u>United States v. Armstrong</u>, 517 U.S. 456, [citation omitted] (1996), courts have consistently demanded "clear evidence," <u>id</u>. (quoting <u>United States v. Chemical Found.</u>, 272 U.S. 1, 14-15 [citation omitted] (1926)) that a prosecutorial decision "had a discriminatory effect and that it was motivated by a discriminatory purpose." <u>Armstrong</u>, at —, 116 S.Ct. at 1487 (quoting <u>Wayte v. United States</u>, 470 U.S. 598, 608 [citation omitted] (1985)). The prosecutor is presumed to have acted "in good faith for reasons of sound governmental policy," <u>United States v. Saade</u>, 652 F.2d 1126, 1135 (1st Cir. 1981), unless the defendant can demonstrate both that she has ben singled out for prosecution when others similarly situated have not ben prosecuted and that the prosecutor's reasons for doing so were impermissible. <u>United States v. Penagaricano-Soler</u>, 911 F.2d 833, 837-38 (1st Cir. 1990). <u>Discovery concerning decisions to prosecute imposes substantial costs on the prosecutor. It intrudes on "the performance of a core executive constitutional function." Armstrong, [ ] 116 S.Ct. at 1486. It may "divert prosecutors' resources and may disclose the Government's prosecutorial strategy." Id. [ ] , 116 S.Ct. at 1488. For these reasons, '[t]he justifications for a rigorous standard for the elements of a selective-prosecution claim thus require a correspondingly rigorous standard for discovery in aid of such a claim." Id.</u>

<u>United States v. Mangana</u>, 127 F.3d 1, 8 (1st Cir. 1997) (emphasis supplied).

Defendant Twombly cannot meet the burden. First, he has not been singled out for prosecution. If "similarly situated" is limited to employment alone, as he seems to suggest, Defendant Twombly has not been singled out because he is charged with two other employees of West Harwich Sunoco. Within the context of the charged conduct, a Klein conspiracy, "similarly situated" is surely a far more complicated matter, but Defendant Twombly has

4

made no other showing and thus fails to establish the first prong of his prima facie showing.

While the inquiry could rest here, the government points out that the facts, as averred by Defendant Twombly, also fail to establish any actual exercise of a Fifth Amendment privilege. Taking the facts as set forth in his affidavit, Defendant Twombly was never subpoenaed and was never called upon to invoke his privilege.  The claim that he is in some way being punished for having invoked that which he never invoked cannot stand, and certainly cannot form the basis for either dismissal or further evidentiary proceedings as to the government's charging decisions in this case.  The motion should be denied.

<u>The Challenge of Defendant Stillson</u>

Defendant Stillson offers nothing by way of a prima facie showing to support a request for dismissal or for evidentiary proceedings regarding a claim of selective prosecution.  The motion should be denied.

Dated: October 5, 2005                By its attorney,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney


                                By:   <u>/s/ Lori J. Holik</u>
                                      Lori J. Holik
                                      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    I hereby certify that on October 5, 2005, I caused a copy of the above to be served on counsel of record by causing same to be electronically filed with the Court.

                                            <u>/s/ Lori J. Holik</u>
                                            Lori J. Holik
                                            Assistant U.S. Attorney