UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 05-10103-GAO

UNITED STATES OF AMERICA

v.

STEPHEN A. TWOMBLY and
THOMAS P. STILLSON,
Defendants.

MEMORANDUM AND ORDER
April 14, 2006

O'TOOLE, D.J.

Stephen A. Twombly has been indicted for violations of 18 U.S.C. § 371 (Conspiracy) and 26 U.S.C. § 7201 (Criminal Tax Evasion). The government alleges that he and four other defendants conspired to evade the payment of income tax by skimming cash, hiding cash, and understating wages paid to employees of West Harwich Sunoco. The government further alleges that Twombly, Thomas P. Stillson and William Macker, all employees of West Harwich Sunoco, were paid their wages in cash and failed to report the income on their tax returns. This activity is the basis for the substantive tax evasion charges brought against them.

Twombly has moved to dismiss the indictment on the grounds that he has been selectively prosecuted. In the alternative, he requests reasonable discovery and an evidentiary hearing on the issue. Defendant Thomas Stillson has moved to join and adopt the motion. After hearing and consideration of the parties' arguments, the motion is DENIED.

When evaluating a challenge to the government's broad prosecutorial discretion, the Court presumes that the government has made the decision whether or not to prosecute in good faith and for reasons of sound governmental policy. See Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984). To overcome the presumption, the defendant bears the heavy burden of establishing, at least prima facie:

> (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and
>
> (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

United States v. Union Nacional de Trabajadores, 576 F.2d 388, 395 (1st Cir. 1978) (quoting United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974)); see also United States v. Armstrong, 517 U.S. 456, 465 (1996) (adopting this standard in the context of requests for discovery and stating: "The requirements for a selective-prosecution claim draw on ordinary equal protection standards. The claimant must demonstrate that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose.")(internal citations and quotations omitted).

Since the Supreme Court's decision in Armstrong, the First Circuit has applied a similarly high standard to a defendant's attempt to obtain discovery from the government on the issue. See United States v. Magana, 127 F.3d 1, 8 (1st Cir. 1997). Recognizing that discovery concerning decisions to prosecute imposes substantial costs on prosecutors and "intrudes on the 'performance of a core executive constitutional function' . . . [and] may 'divert prosecutors' resources and . . . disclose the Government's prosecutorial strategy,'" the court held that the justifications for a rigorous standard

for establishing a selective-prosecution claim require a correspondingly rigorous standard for discovery in aid of such a claim. Id. at 8 (quoting Armstrong, 517 U.S. at 465, 468).

These defendants have not met this standard. They have done little more than (1) assert that there were other West Harwich employees whom the government identified as "unindicted coconspirators" and (2) make a conclusory allegation that only the three indicted employees exercised their right to retain counsel and indicated their intention to invoke their Fifth Amendment privilege against self-incrimination, if subpoenaed. Twombly and Stillson have offered no evidence that the indicted and unindicted employees were similarly situated within the context of the charged conspiracy, and, during the hearing, it became evident that a number of the unindicted employees, like the indicted employees, had in fact retained counsel.

These defendants have not proffered evidence to overcome the presumption that the government's prosecutorial decisions were made in good faith and for reasons of sound governmental policy. For the foregoing reason, Twombly's motion to dismiss (Dkt. # 44), which Stillson joined, is DENIED.

It is SO ORDERED.

| April 14, 2006 | \s\ George A. O'Toole, Jr. |
|---|---|
| DATE | DISTRICT JUDGE |