UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA            CRIMINAL NO: 05-10103-GAO

v.

STEPHEN A. TWOMBLY

DEFENDANT STEPHEN A. TWOMBLY S SENTENCING MEMORANDUM

Now comes Defendant, Stephen A. Twombly, through counsel and hereby submits this Memorandum in preparation for sentencing.

I.  MR. TWOMBLY S POSITION REGARDING HIS GUIDELINE SENTENCING RANGE WITHOUT REFERENCE TO DEPARTURES

   A.  **Objection to Base Offense Level**

As set forth in the Pre-Sentence Report (PSR), the Probation Officer has calculated the Guideline Sentence Range (GSR) to be 12 to 18 months.  In arriving at the GSR , the Probation Officer contends that pursuant to U.S.S.G. § 2T1.1 (a)(1) the base level for the offense in accordance with the Tax Table at § 2T4.1 is 13.  Using the 2006 Tax Table and the tax loss of the overall Klein Conspiracy of $301,413, the base offense level attributable to Mr. Twombly is 18.  The offense level is then reduced three (3) levels for acceptance of responsibility and two (2) levels as a mitigating role pursuant to § 3B1.2 (b), arriving at an offense level of 13.

Defendant renews his objection to the base offense level calculation contained in the PSR.  As set forth in Mr. Twombly s objection to the PSR, it is his position that the appropriate

1

Sentencing Guideline manual should be an earlier version effective November 1, 2000[1]. According to the 2000 Manual the tax loss between a range of $200,000 and $325,000 would result in a base offense level of 16. §2T4.1  The offense dates are alleged to be 1999, 2000 and 2001.

Thus it is the Probation Officers use of the revised 2006 edition Tax Table that increases base offense level as opposed to the Tax Table contained in the 2000 Manual.  Under the 2006 version, assuming a tax loss of $301,413, the base offense level is 18 where it is 16 under the 2000 Manual.  This results in an increase in the GSR or an increase in the penalty for the crimes Mr. Twombly stands convicted[2].  See, <u>Miller v. Florida</u>, 482 U.S. 423, 430, 107 S. Ct. 2446 (1987). (focus on *ex post facto* inquiry is whether the change alters the definition of the crime or increases the penalty by which a crime is punishable).

The GSR calculated by the Probation Officer using the 2006 Manual results in a total offense level of 13 and a range of 12 to 18 months.  The 2000 Manual, accepting the Probation Officer s application of point reductions for Minor Role and Acceptance of Responsibility yields a total offense level of 11 and a range of 8 to 14 months[3].  Use of the 2006 does adversely affect the sentencing range for the Mr. Twombly.

---

[1] The government is in agreement with the use of the 2000 Sentencing Guideline range.

[2] This objection is irrelevant if the court is inclined treat the Guidelines as advisory in this case and sentence Defendant to a term of supervised probation as argued in Section II of this Memoradum.

[3] Use of the 2006 Sentencing Manual does have adverse consequences for the Defendant even accepting the Probation Officers point reductions.  Defendant further argues in Objection B that he is entitled to a 4 point reduction as a  Minimal Participant  and accordingly that would further reduce the Total Offense Level to 9 with a range of 4-10 months, a Zone B category using the 2000 Manual.

B.  Objection to Application as a  Minor Participant
    as opposed to a  Minimal Participant.

The Probation Officer has also applied a two (2) level reduction pursuant to § 3B1.2 (b) as a Mitigating Role to the Defendant as  minor participant .  Mr. Twombly objects to not being afforded a four (4) level adjustment for role in the offense as a  minimal participant  as opposed to the two (2) level adjustment as a  minor participant  under §3B1.2 (b).

Mr. Twombly clearly conspired with Varjabedian in not reporting his own wages.  However, there is a complete absence of any knowledge by Mr. Twombly of the tax and bookkeeping arrangements at West Harwich Sunoco.  Mr. Twombly had no knowledge of the cigarette activity, the two Garber Brother accounts and was not aware of the extent of the non-reporting of the auto repair revenue and personal income taxes of others. .

In addition the activity engaged in by Mr. Twombly was not activity which by its very commission one should know that he is engaging in criminal activity.  For example, this was not a case where an individual is engaged in illegal narcotic transactions or other illicit activity that by its very nature is illegal and by engaging in such behavior one is aware of the criminality of the activity.

A part time employee paying for auto parts from cash out of a business register and directing customers on a limited basis to write checks made out to the principal of a sole proprietorship would not in and of itself be considered illegal activity nor cause one to become concerned that he might be on the fringe of a criminal conspiracy.  Engaging in such activity cannot lend itself to a presumption of illegality on the part of a minimal participant.  Mr. Twombly s role and culpability can be characterized as an minimal participant in a conspiracy in which he received only a very modest benefit in the form of $7,062 in unreported income tax.

3

A minimal participant role is intended to cover a defendant who is plainly amongst the least culpable of those involved in the conduct of the group. Schetz v. United States, 901 F.2d 85, 87 (7th cir. 1990). The Defendant s lack of knowledge or understanding of the scope and structure of the enterprise and activities of others is indicative of a role as a minimal participant. Id. Clearly Mr. Twombly qualifies for such a reduction given the allegations and his limited culpability that both the government and probation appear to recognize. Although a minimal participant role reduction is rare and used infrequently it is appropriate in this case and a four (4) level reduction should apply. In the alternative a three (3) level reduction would likewise be appropriate.

Total offense level should be calculated as follows utilizing the November 1, 2000 Sentencing Guideline Manual and accepting the government tax loss figures:

```
Base level offense                      16
Minimal role participant reduction   -   4
Acceptance of Responsibility         -   3

Total offense level                      9
```

II.    MR. TWOMBLY S SENTENCE AFTER CONSIDERATION OF THE FACTORS SET FORTH IN 18 U.S.C. § 3553 (a)

In recognition of the fact that the United States Sentencing Gridlines were rendered  advisory  by the Supreme Court s decision in <u>United States v. Booker/United States v. Fanfan</u>, 125 S.Ct. 738 (2025), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553 (a)[4].

Section 3553 (a) (1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that  when out side by side, the Guideline provisions and statutory provisions under section 3553 (a) often contradict on another.  <u>United States v. Myers</u>, 2005 U.S. Dist. LEXIS 1342 (S.D. Iowa Jan. 26, 2005) (citing <u>United States v. Ranum</u>, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan. 14, 2005)).  For example, under the Guidelines, courts are generally prohibited from considering the defendant s age ( § 5H1.1), education and vocational skills (§ 5H1.2. socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12).  Section 3553 (a) (1), however, requires a Court to consider theses factors, as they compose the  history and characteristics  of a particular defendant and are necessary components to an individualized sentence.

---

[4] The guideline sentence yields an unduly harsh sentence arrived primarily through application of a mechanical construct.  The result does not reflect the reality of Mr. Twombly s actual culpability.  This fact was recognized and duly noted by the Probation Officer in the paragraph 90 of the PSR where he noted that the  ...offense level....does appear to overstate defendant s culpability... .

As explained more fully below, a sentence of supervised probation rather than incarceration is therefore an appropriate and adequate penalty[5].

Sections 3553 (a) (1) requires the Court to consider the history and characteristics of the defendant. As set forth more fully in pleadings before the court, as well as in Defendant s objections to the Pre-Sentence Report, Mr. Twombly is 64 years old with no prior criminal history. Mr. Twombly is active in the care of his mother, Virginia Twombly, who is 87 years old and resides in Reading, MA.

After finishing High School in 1963, Mr. Twombly enlisted in the Unites States Navy and served his country with distinction for over 22 years. Mr. Twombly s service included a least one tour of duty in Vietnam and he received decorations and citations for Good Conduct, Distinguished Service, Combat Ribbon, Navy Achievement, Vietnam Action Ribbon, Vietnam Service Medal and various other distinguished conduct awards.

In over 22 years of military service Mr. Twombly obtained the highest enlisted rank of Master Chief Petty Officer, was stationed at various locations around the world and throughout the United States and received extensive training and education in the field of cryptology. This is a highly classified and distinguished field of study under the umbrella of the National Security Agency. Mr. Twombly was obviously an appropriate candidate for this sensitive field and he served his country with distinction, obtaining an honorable discharge following 22 years of service. At no time during Mr. Twombly s 22 year military career were there any instances of bad conduct, demotions or anything that can remotely be considered criminal activity.

---

[5] In the alternative Defendant argues for some other less restrictive form of penalty such as home confinement followed by a period supervised release.

Following Mr. Twombly s retirement in 1985, he returned to Cape Cod to care for his elderly parents, eschewing various private military contractors  offers to work in the Washington D.C. area.  Since that time Mr. Twombly has remained on Cape Cod, residing in various locations leading a relatively quiet and modest lifestyle.   Mr. Twombly has lived off his military retirement pension and supplemented his income by working part-time at various gas stations and auto parts stores, including but not limited to West Harwich Sunoco.

At no time during his life has Mr. Twombly been involved in any criminal activity other than the indictment before this court.  Mr. Twombly has lived a law abiding life and his one hobby or pastime that he enjoyed engaging in prior to these indictments was membership in a firearms club.  This was an important personal activity that provided Mr. Towmbly with social interaction. This obviously is a hobby/interest that Mr. Twombly can no longer engage in as a direct result of the indictment and resulting conviction.

The nature and circumstances of the offense also warrants a sentence that is lower than the advisory GSR and the Defendant maintains that a period of supervised probation rather than incarceration is appropriate.  Mr. Twombly certainly did not report his modest wages as income and he conspired with the owner of West Harwich Sunoco Edward Varjabedian ( Varjabedian ) in defrauding the United State of $7,062 in income taxes.

It is also alleged that Mr. Twombly further engaged in the conspiracy by directing auto repair customer to pay in cash or make checks out payable to Edward Varjabedian and paying for auto repair parts with cash from the register.  Mr. Twombly was a part time employee working a variety of different shifts mostly during Sundays and at night during most of the relevant time period.   Working during these time periods would naturally limit Mr. Twombly s ability to come in contact with customers paying for auto-repairs.

As recognized by the probation department Defendant s culpability does appear to be overstated with respect to the offense level. (See PSR ¶ 90)  As presently written in the PSR the global offense conduct and Klein conspiracy descriptions appear to indicate that Mr. Twombly was involved in the cigarette sales and Garber Brothers ordering when that is not the case[6]. In addition the tax losses resulting form the overall Klein conspiracy were not reasonably foreseeable to the defendant nor was that activity jointly undertaken. At most Mr. Twombly s role can appropriately be characterized as an unwitting participant in th auto repair losses.

West Harwich Sunoco was a sole proprietorship.  Directing check payments for auto repairs to Edward Varjabedian was not inherently an illegal activity under the business structure of a sole proprietorship.  Payments made directly to the principal of a sole proprietorship is an acceptable form of commerce.  Mr. Twombly clearly conspired with Varjabedian as to not reporting his own wages.  However there is a complete absence of any knowledge by Mr. Twombly of the tax and bookkeeping arrangements at West Harwich Sunoco.

Mr. Twombly is not minimizing his responsibility in this matter. Mr. Twombly clearly conspired with Varjabedian concerning his reporting of wages.  However at no time was Mr. Twombly aware of the extent and scope of the Klien conspiracy and never benefitted financially other than the $7,000 in income taxes.  Mr. Twombly may have been a blind participant in the scheme but his actions do not rise to the level of a wilful and knowing participant who received any meaningful benefit from the financial windfall that Varjabedian himself received.

The nature and circumstance of the offense clearly mandates that a sentence of supervised release is appropriate in this case rather than incarceration.

---

[6] Based upon prior conversations with the government, defendant anticipates that the government will not dispute this fact.

Section 3553 (a)(2) requires the Court to also consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educations or vocational training, medical care or other correctional treatment in the most effective manner.

Section 3553 (a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. The main Defendant in this case Varjabedian died during the pendency of this action. Of all the remaining defendants, Mr. Twomby is certainly the least culpable and received only a modest financial benefit. The conviction in this case have already tarnished an otherwise unblemished criminal record. The convictions in this matter are an embarrassment and behavior that is certainly out of character for an individual with a long distinguished military record and who is 64 years old with no prior criminal history. The conviction has taken away from Mr. Twombly a hobby (firearms) that he enjoyed responsibly throughout his lifetime and he can never participate in again.

Mr. Twombly is not minimizing the seriousness of the offenses. However the offenses do not involve any violent or threatening behavior. At no time were any customers coerced or made to fill out checks in any manner. Mr. Twombly was simply following directives from his employer (Varjabedian) as to the form of payment for auto parts and from customers for auto repairs. Mr. Twombly had no knowledge of the arrangements Varjabedian had with his auto parts suppliers and whether the accounts were C.O.D. or any knowledge of the corporate

organization of the station other than it was a sole proprietorship.

Having taken his own life the main Defendant in this case and the individual who received most if not all the financial benefits of the conspiracy is gone. It would not be just punishment to incarcerate Mr. Twombly given his limited role and modest financial gain that he received in relation to other more culpable and financially benefitted individuals.

Mr. Twombly has demonstrated throughout his lifetime given his lack of a criminal record, his distinguished military service and his inclusion into a highly classified military field that he has respect for the law. A felony criminal conviction and a period of supervised probation is certainly just punishment and will thoroughly demonstrate respect for the law.

Section 3553 (a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. Again Mr. Twombly s history certainly demonstrates that this activity was aberrant behavior and will not occur again. Mr. Twombly is 64 years old and places a value on living the remainder of his life as healthy as possible while caring for his elderly mother.

Section 3553 (a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. Given Mr. Twombly s age and history a period of probation would certainly be more than adequate, moreover, the concern that the public needs to be protected from potential further crimes of the defendant is essentially non-existent in this situation.

Finally Section 3553 (a)(2)(D) requires the Court to impose a sentence that provides a defendant with educational or vocational training, or medical care, as needed. Mr. Twombly is not in need of any educational or vocational training, nor medical care. However he does

actively care for his mother who is 87 years old. A period of supervised probation would allow Mr. Twombly to continue to do so.

Given the facts as stated above, as well as the provision contained in paragraph 90 of the PSR indicating that defendant s culpability does appear to be overstated by the offense level, a sentence of a period of supervised probation outside the advisory guideline range is more than appropriate in this case.

>                    Respectfully submitted,
>                    The Defendant,
>                    Stephen A. Twombly,
>                    By his attorney,
>
>
>                    //S// Thomas J. Iovieno
>
>                    Thomas J. Iovieno, BBO#553361
>                    Law Office of Thomas J. Iovieno
>                    755 East Broadway
>                    South Boston, MA 02127
>                    (617) 464-3300
>                    (617) 464-3302

Dated: 1/25/07

## CERTIFICATE OF SERVICE

I hereby certify that on 1/25/07 this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


>                    //S// Thomas J. Iovieno